**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JOANA HUNT, | ) | | |
| Plaintiff | ) | C.A. No. 25-135 Erie | |
| | ) | | |
| v. | ) | | |
| | ) | District Judge Susan Paradise Baxter | |
| L'ARCHE ERIE, INC., | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

### I.      INTRODUCTION

Plaintiff Joana Hunt initiated this action by filing a *pro se* complaint in the Court of

Common Pleas of Erie County, Pennsylvania, on May 14, 2025, against Defendant L'Arche Erie,

Inc., an Erie-based nonprofit corporation that serves adults with intellectual disabilities. The

action was removed to this Court pursuant to a Notice of Removal filed by Defendant on May

27, 2025. [ECF No. 1]. Plaintiff subsequently filed an amended complaint on June 24, 2025

[ECF No. 13], which is the operative pleading in this case.

Construed liberally, the amended complaint purportedly asserts claims of disability

discrimination, failure to provide reasonable accommodation, and retaliation under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133, *et seq.,* along with two state law

claims: an abuse of process claim, and a claim under the Pennsylvania Whistleblower Law, 43

Pa. C.S. § 1421, *et seq.*[1] As relief for her claims, Plaintiff appears to be seeking various forms of

injunctive relief.

Defendant has filed a motion to dismiss Plaintiff's amended complaint [ECF No. 10],

---

1 Plaintiff has denied alleging an associational discrimination claim under the ADA, as discerned by Defendant.
(See ECF No. 13, at p. 5).

arguing, *inter alia*, that Plaintiff's ADA claims must be dismissed because she has failed to exhaust her administrative remedies; Plaintiff's abuse of process claim is frivolous; and Plaintiff's whistleblower claim fails to state a claim upon which relief may be granted. Plaintiff has filed a response in opposition to Defendant's motion [ECF No. 13], to which Defendant has filed a reply brief [ECF No. 15]. This matter is now ripe for consideration.

## II.   DISCUSSION

Defendant argues, *inter alia*, that Plaintiff has failed to allege that she exhausted her administrative remedies by filing a charge of discrimination with the EEOC. (ECF No. 11, at p. 5, citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a)). Defendant is correct. Neither the original complaint nor the amended complaint contains any allegation stating that Plaintiff filed a charge of discrimination with the EEOC; however, in her response in opposition to Defendant's motion, Plaintiff asserts that she "filed two EEOC complaints (November 2024 and February 2025), one of which remains pending." (ECF No. 13, at p. 8). In support of this assertion, Plaintiff has attached to her response copies of both complaints she claims to have filed, the first dated November 20, 2024 (ECF No. 13-2, pp. 5-7) and the second dated February 9, 2025 (Id. at pp. 1-4). Because Plaintiff is proceeding *pro se*, the Court will accept these after-filed submissions as adequate support for the fact that Plaintiff filed charges with the EEOC, although it is unclear which one is allegedly still pending.

Nevertheless, it is clear from Plaintiff's response that she never received a right-to-sue letter from the EEOC on either charge. Indeed, Plaintiff admits that she "voluntarily canceled a scheduled EEOC interview on May 20, 2025…," baldly asserting that "[a] right-to-sue letter is not required where claims are consolidated and already before the federal court." (ECF No. 13 at p. 8). This is incorrect.

It is well-established that "[a] plaintiff 'must exhaust all administrative remedies before bringing a claim for judicial relief.'" Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013), quoting Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). Specifically, "the ADA requires that a plaintiff administratively exhaust all claims before seeking relief in federal court." Simko v. United States Steel Corp., 992 F.3d 198, 206-07 (3d Cir. 2021), citing Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001); 42 U.S.C. §§ 12117(a), 2000e-5(b). "These pre-suit requirements, which include the step of filing a charge and receiving a right-to-sue letter from the EEOC, are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" Simko, 992 F.3d at 206-07, quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976). Only after the EEOC investigates a properly-filed charge and issues a right-to-sue letter can the plaintiff initiate a private action. See Burgh, 251 F.3d at 470–71 (explaining the EEOC investigation and administrative resolution process). Failure to exhaust administrative remedies provides a basis for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Anjelino v. New York Times Co., 200 F.3d 73, 87–88 (3d Cir. 1999).

When a *pro se* complaint fails to contain sufficient facts to demonstrate that the exhaustion requirements have been met, the appropriate disposition is to dismiss the complaint, without prejudice. See e.g. Phillips v. Sheraton Society Hill, 163 Fed. Appx. 93, 94 (3d Cir. 2005); Kostial v. Toyota of Greensburg, 2011 WL 6090695, at *5 (W.D. Pa. Nov. 15, 2011). Since Plaintiff has neither pled nor proved that she received a right-to-sue letter from the EEOC before initiating this federal lawsuit, her ADA claims must be dismissed, without prejudice, as they are premature. See Spence v. Straw, 54 F.3d 196, 202 (3d Cir. 1995) ("We believe that the

complaint should be dismissed as premature, rather than untimely, and without prejudice to [plaintiff's] potential to file suit again upon exhaustion of administrative remedies").

The Court must now consider whether leave to amend should be granted and understands that in *pro se* employment discrimination actions such as this one, leave to amend should be generally permitted. See Phillips, 463 Fed. Appx. at 94. However, leave to amend may be denied if the amendment would be futile, which can be demonstrated by the failure of a plaintiff to cure deficiencies in a complaint despite being given opportunities to amend. See e.g., S.K. v. N. Allegheny Sch. Dist., 2015 WL 7308671, at *5 (W.D. Pa. Nov. 19, 2015) (citation omitted) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied."); Bryant v. Cherna, 520 F. App'x 55, 58 (3d Cir. 2013), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) ("The District Court did not err in declining to allow [plaintiff] a further opportunity to amend his complaint").

Here, Defendant has raised the issue of administrative exhaustion via two separate motions to dismiss (ECF Nos. 2, 10). After the first motion, Plaintiff filed the amended complaint presently before the Court; but, as in her original complaint, Plaintiff failed to address her filing of any charge of discrimination with the EEOC. As noted earlier, the first time Plaintiff mentioned her filing of any EEOC complaint was in her response in opposition to Defendant's pending motion to dismiss; yet, even then, Plaintiff acknowledged that she never received a right-to-sue letter. Thus, it appears to the Court that Plaintiff simply has not exhausted her ADA claims at this juncture, such that any further amendment of her pleadings would fail for the same reasons. As a result, leave to amend will be denied. See e.g., Harding v. Provident Life and Acc. Ins. Co., 809 F. Supp. 2d 403, 420 (W.D. Pa. Aug. 19, 2011) ("the Court will not grant Plaintiff

4

leave to amend her Complaint at this time because, as she has failed to timely exhaust her administrative remedies, any such amendment would be futile").

Finally, given the fact that Plaintiffs ADA claims are the only federal claims set forth in the amended complaint, the dismissal of the same leaves the Court without an independent basis for subject matter jurisdiction. In light of this, the Court will decline to exercise supplemental jurisdiction over Plaintiff' remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction."). As a result, Plaintiff's amended complaint will be dismissed in its entirety.

An appropriate Order will follow.